IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANITA TOMLINSON SMITH          )
                               )
          Plaintiff,           )
                               )
v.                             )          CASE NO.: 2:16-cv-751-GMB
                               )          [WO]
NANCY A. BERRYHILL, Acting     )
Commissioner of Social Security, )
                               )
          Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff Anita Tomlinson Smith filed this action on March 9, 2016, seeking judicial

review of a final adverse decision of the Commissioner of Social Security denying her

application for a period of disability and disability insurance benefits under Title II of the

Social Security Act. Doc. 1. Smith applied for disability benefits with an alleged onset

date of December 31, 2009. Her application was denied at the initial administrative level.

Smith then requested and received a hearing before an Administrative Law Judge ("ALJ")

on February 26, 2015. Following that hearing, the ALJ denied Smith's claims. The

Appeals Council rejected a subsequent request for review, making the ALJ's decision the

final decision of the Commissioner of Social Security (the "Commissioner").[1]

With briefing complete, this case is now ripe for review pursuant to 42 U.S.C.

§ 405(g). The parties have consented to the entry of a final judgment by the undersigned

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No.
103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social
Security matters were transferred to the Commissioner of Social Security.

United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 7 & 8. Based upon a review of the evidentiary record, the parties' briefs, and the relevant legal authority, the court finds that the Commissioner's decision is due to be AFFIRMED.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the

Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Smith bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step

analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

#### A. Facts

Smith was 52 years old on the alleged disability onset date. She has a tenth-grade education and prior work experience as a security officer, housekeeping cleaner, courier, and waitress.

Smith filed for disability benefits based on a back injury, leg and hip pain, thyroid problems, and depression. The ALJ held an administrative hearing on February 26, 2015. Following that hearing, the ALJ determined that Smith suffered from the severe

impairments of degenerative disc disease and depression,[2] but that neither those impairments nor combination of those impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).  The ALJ further determined that, based upon the entire record, Smith had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the following limitations: she can occasionally lift 50 pounds; frequently lift 25 pounds; sit for six hours in an eight-hour work day; stand or walk for six hours in an eight-hour work day; push and pull 50 pounds occasionally and 25 pounds frequently; perform simple, routine, and repetitive tasks involving simple work-related decisions; and occasionally interact with coworkers, supervisors, and the public.

Based upon these findings, the ALJ ultimately concluded that Smith was not disabled within the meaning of the Social Security Act, and he denied her claims.

## B.    Issue Presented

The sole issue Smith presents for review is whether the ALJ erred in rejecting the opinion of her treating physician, Dr. John Franklin Maddox, without providing adequate reasons for rejecting his opinion and with no contradicting evidence on file to support the ALJ's RFC determination.[3]  Doc. 12.  The Commissioner argues that the ALJ made proper

---

[2] The ALJ also found that Smith suffered from the non-severe impairments of hypothyroidism and chronic obstructive pulmonary disease.

[3] These are the "issues presented" by Smith in her brief. *See* Doc. 12 at 3.  Any other issue not raised before the court is deemed waived. *See Dial v. Berryhill*, 2017 WL 459859, at *3 (M.D. Ala. Feb. 2, 2017) (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived)).

determinations supported by substantial evidence on the record. Doc. 13. After careful consideration of the parties' arguments, the record evidence, and the relevant legal authority, the court finds that the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied. Therefore, the Commissioner's decision is due to be affirmed, as explained below.

## C.    Analysis

Smith contends that the ALJ committed reversible error when he assigned the opinion of her treating physician, Dr. Maddox, "little weight" and provided inadequate reasons for discounting this opinion. In the Eleventh Circuit, an "ALJ must give the opinion of a treating physician substantial or considerable weight unless good cause is shown to not give it substantial weight." *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (internal quotation marks omitted). "Good cause to not give an opinion substantial weight exists where: '(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with [his or her] own medical records.'" *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004)). "The ALJ must clearly articulate the reasons for disregarding a treating physician's opinion." *Id.* (internal quotation marks omitted). "When the ALJ's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error." *Id.* (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam)).

With respect to Dr. Maddox's opinion, the ALJ opined:

A physical capacities evaluation was completed by Dr. J.F. Maddox, M.D. in January 2015. Dr. Maddox opined that the claimant can lift and/or carry five pounds occasionally and one pound frequently on a normal work day, sit for six hours and stand or walk for four hours in an eight hour work day, and does not require an assistive device. Regarding postural activities, Dr. Maddox opined that the claimant can frequently grab, twist, handle, perform fine manipulation, operate motor vehicles, and be exposed to environmental hazards. He further opined that the claimant can occasionally push and pull, climb stairs or ladders, balance, and reach, and can rarely bend, stoop, and work with or around hazardous machinery. Finally, Dr. Maddox stated that the claimant is likely to be absent one day per month from work as a result of her impairments. He noted that pain is present to such an extent as to be distracting to adequate performance of daily activities of work, that physical activity will greatly increase the claimant's pain to such a degree as to cause distraction or total abandonment from tasks, and that some limitations upon the claimant's ability to perform her work may be present, but not to such a degree as to create serious problems in most instances. The undersigned assigns this opinion little weight, as the objective medical evidence of record does not support these limitations. Treatment records from January 2015, the same time that the claimant was evaluated, shown normal findings, noting that the claimant's gait and station demonstrate standing and walking are stable and functional, with no bone, joint, tendon, or muscle abnormalities, joints move freely and without pain, with normal muscle strength and tone. Additionally, the undersigned finds that Dr. Maddox's opinion is internally inconsistent. Dr. Maddox's January 2015 treatment note states "no disability noted."

Doc. 16-2 at 18 (internal citations omitted). Having reviewed the record, and assuming that Dr. Maddox qualifies as a treating physician, the court finds that the ALJ adequately articulated good cause not to give Dr. Maddox's opinion substantial or considerable weight.

As the Eleventh Circuit has held, good cause not to give substantial weight to a treating physician's opinion exists when the opinion is not bolstered by the evidence or is inconsistent with the treating physician's own medical records. Here, the ALJ expressly noted that he was assigning Dr. Maddox's opinion little weight because (1) the limitations

assigned therein were not supported by the objective medical evidence of record and (2) Dr. Maddox's opinion was inconsistent with his other treatment note during the same timeframe. Both of those reasons are supported by substantial evidence in the record. It is unclear whether Dr. Maddox ever personally examined Smith. Indeed, the treatment records from his office, Three Notch Medical Center, are from his nurse practitioner, Ricky Lewis, and they reflect that during the January 2015 timeframe—the same timeframe during which Dr. Maddox completed his physical capacities and pain evaluation for Smith—Smith's gait and station demonstrated that her ability to stand and walk were stable and functional; that she had no bone, joint, or tendon abnormalities; that her joints moved freely and without pain; and that she had normal muscle strength and tone. In fact, the only treatment note from Lewis that Dr. Maddox countersigned in January 2015 specifically states: "NO DISABILITY NOTED." Dr. Maddox's physical capacities evaluation also provided no explanation for the degree and basis for the severe physical limitations he placed on Smith.

What is more, this analysis assumes that Dr. Maddox even qualifies as a treating physician—a tenuous assumption at best. "A treating source is a claimant's own physician . . . who provides, or has provided the claimant with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant." *Saucier v. Comm'r, Soc. Sec. Admin.*, 552 F. App'x 926, 929 (11th Cir. 2014). Under the regulations, a claimant has an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that the claimant sees, or has seen, the source with a

frequency consistent with accepted medical practice for the type of treatment and evaluation required for the claimant's medical condition. 20 C.F.R. § 416.927(a)(2).

As previously noted, it is unclear from the record whether Dr. Maddox ever personally examined Smith and, if he did examine her, whether he did so more than once. The medical records from Three Notch Medical Center reflect that Dr. Maddox only countersigned one treatment record from January 2015 in addition to completing the physical capacities and pain evaluation. In short, the court is not persuaded that this type of relationship qualifies Dr. Maddox as Smith's treating physician such that his opinion would be entitled to presumptive substantial or considerable weight absent a showing of good cause to assign it lesser weight.

Still, irrespective of whether Dr. Maddox qualifies a treating, examining, or even non-examining physician, the ALJ is free to reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). Here, the ALJ applied the proper legal standards for evaluating medical opinions and assigned Dr. Maddox's opinion little weight. For the reasons stated above, the court finds this decision by the ALJ is supported by substantial evidence and due to be affirmed.[4]

Finally, it is unclear whether Smith is challenging the ALJ's RFC determination. To the extent Smith is making such a challenge, the court finds that the ALJ applied the

---

[4] The Commissioner also argues that the ALJ was free to reject Dr. Maddox's opinion because it was provided after Smith's date last insured—September 30, 2013. Doc. 13 at 5. While the Eleventh Circuit has permitted an ALJ to reject a treating physician's opinion when a claimant did not begin seeing the physician until after her date last insured, *see Whitton v. Comm'r, Soc. Sec. Admin.*, 643 F. App'x 842, 845–46 (11th Cir. 2016), the court declines to address this issue because it finds that the ALJ articulated good cause for assigning Dr. Maddox's opinion little weight.

proper legal standards and his RFC determination is supported by substantial evidence in the record. Accordingly, the ALJ's decision on this issue is due to be affirmed as well.

## IV. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons stated above, the decision of the Commissioner is AFFIRMED. A final judgment will be entered separately.

DONE this 23rd day of October, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE